IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-2279-CMA-NRN

TERANCE WILSON,

    Plaintiff,

v.

JOHNSON, LT. C.S.P.,
VAUGHN, C.O., C.S.P.,
WHITE, SGT., C.S.P.,
WILDA, LT., B.V.C.F.,
WILL, SGT., C.S.P.,
MASCARENAS, LT., C.S.P.,
JORDAN, C.O., C.S.P.,
HAGAN, L.T., C.S.P.,
WOOD, L.T., B.V.C.F.,
LISSOME, SGT. S.C.F.,
CORDONA, SGT., S.C.F., and
SWINGLE, LT., S.C.F.,

    Defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION ON CDOC DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the April 15, 2020 Report and Recommendation on CDOC Defendants' Motion to Dismiss ("the Recommendation") (Doc. # 46), wherein Magistrate Judge N. Reid Neureiter recommends that CDOC Defendants' Motion to Dismiss (Doc. # 38) should be granted in part and denied in part. Plaintiff and Defendants timely objected to the Recommendation. For the following reasons, the Court affirms in part and rejects in part the Recommendation.

## I.    BACKGROUND

Judge Neureiter's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address the parties' objections to the Recommendation.

As this Court recently explained in another action brought by Mr. Wilson, "this case represents another chapter in a chronicle of Plaintiff's tribulations in the penal system." *See* (Doc. # 64 at 2, *Wilson v. Tolentino et al.*, No. 19-cv-3084-CMA-NRN). The Tenth Circuit set forth the prologue of Mr. Wilson's story in 2017:

> Mr. Wilson [Plaintiff], a former affiliate of the Crips, is currently serving a thirty-two-year prison sentence in connection with the 2011 homicide of Nathan Engle, a purported Surenos affiliate. While awaiting trial, Mr. Wilson was detained in the Larimer County Detention Facility ("Larimer") along with Christopher Green, whom Mr. Wilson recognized as a leader of the Surenos. Mr. Green allegedly told two people close to Mr. Wilson that the Surenos were making shanks in order to kill Mr. Wilson in apparent retaliation for Mr. Engle's death. And, indeed, Mr. Wilson reports that he was assaulted on three occasions while detained at Larimer—once on August 14, 2011, by Mr. Green and an unknown Sureno affiliate, and twice on October 21, 2011, first by an inmate named Charles Cousino, purportedly at Mr. Green's request, and later the same day by an inmate named Feliciano Carillo, whom Mr. Wilson describes as "a Sureno shot caller." Aplt. App'x 135–36. Mr. Wilson filed grievances with respect to each assault.

*Wilson v. Falk*, 877 F.3d 1204, 1207 (10th Cir. 2017). In *Falk*, Plaintiff alleged that prison officials disregarded the danger the Surenos posed to him, and ultimately, a member of the Surenos "stabbed him eleven times, inflicting injuries to Mr. Wilson's heart, lungs, head, and neck." *Id.* at 1209.

This action arises from Plaintiff's incarceration in the Colorado State Penitentiary ("CSP"), where he is currently incarcerated, as well as his transfer in October 2018 to

the Sterling Correctional Facility ("Sterling"). Proceeding *pro se*, Mr. Wilson asserts three categories of claims for relief against Defendants in their individual capacities pursuant to 42 U.S.C. § 1983: (1) Eighth Amendment excessive force claims, (2) Eighth Amendment failure to protect claims, and (3) First Amendment retaliation claims.[1] The following three events are relevant to the objections now before the Court:[2]

## A.   THE DECEMBER 19, 2018 INCIDENT

The first incident happened upon Mr. Wilson's transfer to Buena Vista Correctional Facility ("BVCF"). Due to his notoriety, Mr. Wilson was immediately threatened by other inmates, which he reported to Defendant Wilda. (Doc. # 1 at 6.) Defendant Wilda "threatened" Mr. Wilson and told other correctional officers to "tie him up and march him up to his cell." (*Id.*) Six or eight officers marched Mr. Wilson all around the unit while inmates shouted about killing and raping him. At some point, Mr. Wilson was body slammed by the corrections officers and tasered in his back twice. (*Id.*)

## B.   THE ALLEGED COVER-UP OF INMATE LOVATO'S ASSAULT ON PLAINTIFF AND SUBSEQUENT SEPTEMBER 13, 2018 INCIDENT

On April 18, 2018, Plaintiff was assaulted by another inmate, Dorian Lovato, who broke Mr. Wilson's jaw. (*Id.* at 9.) Plaintiff claims that, prior to this assault, several inmates informed Defendants Hagans and Johnson of their intent to harm Mr. Wilson if

---

[1] Mr. Wilson's Prisoner Complaint ("Complaint") alleges that several of the CDOC Defendants retaliated against him in violation of the First Amendment, but it does not identify First Amendment retaliation as a separate claim for relief. As Judge Neureiter noted, "Mr. Wilson's practice of jumbling his claims together with little regard to his own organizational framework is evident throughout his Prisoner Complaint." (Doc. # 67 at 3.) Therefore, this Court adopts Judge Neureiter's categorization of Plaintiff's claims for relief into the aforementioned three categories, irrespective of how they were titled in the Complaint.

[2] The following factual allegations are taken from the Complaint (Doc. # 1) and accepted as true for the purposes of the instant Motion to Dismiss.

he was not moved out of the pod. (*Id.*) Plaintiff alleges that Lovato himself informed Defendant Hagans "on numerous occasions . . . that he was being pressured to assault" Mr. Wilson. (*Id.*)

Plaintiff alleges that Defendants Hagans and Johnson assisted in covering up the Lovato assault. (*Id.* at 9–10.) Specifically, Plaintiff alleges that Defendants Hagans and Johnson "made deliberate efforts to conceal information regarding th[e] assault" and lied on the record during hearings related to the placement of Mr. Wilson and Lovato that the fight was instigated by Mr. Wilson. (*Id.*) Plaintiff alleges that these lies "caused [him and Lovato] to be placed in the same pod" when he was transferred to BVCF. He further alleges that Defendant Johnson threatened him, saying "you'll get your jaw broken again at Buena Vista." (*Id.* at 10.) On September 13, 2018, Lovato and four other inmates "jumped" Mr. Wilson, apparently stabbing him and breaking his hand. (*Id.*)

## C.     THE OCTOBER 2018 TRANSFER TO STERLING CORRECTIONAL FACILITY

Plaintiff alleges that Defendants Johnson and Hagans knew that he would be assaulted when he was transferred to Sterling Correctional Facility ("Sterling") in October 2018. He further alleges that, rather than attempting to protect Plaintiff, Defendants Hagans and Johnson told prison transport to "get [Plaintiff] there by whatever means." (*Id.* at 11.) Upon arrival at Sterling, Plaintiff's rivals immediately attempted to "jump" Plaintiff, although Plaintiff was not injured in the confrontation. (*Id.*)

On January 3, 2020, Defendants Johnson, Vaughn, White, Wilda, Will, Mascarenas, Jordan, Hagans, Wood, and Swingle (collectively, "CDOC Defendants") filed the instant Motion to Dismiss. (Doc. # 38.) This Court referred the Motion to Magistrate Judge Neureiter, who issued his Recommendation on April 15, 2020. (Doc. #

4

67.) Plaintiff timely filed "One Objection to Magistrate Judge[']s Report and Recommendation on CDOC [D]efendants' Motion [D]ismiss (Dkt. # 28) for District Judge . . ."("Plaintiff's Objection") on April 22, 2020. (Doc. # 70.) CDOC Defendants' Objection to the Magistrate Judge's Recommendation on Motion to Dismiss (Doc. # 67) ("Defendants' Objections") followed. (Doc. # 75.) Both sides filed responses to the objections. (Doc. ## 77, 79.)

## II.   LEGAL STANDARDS

### A.   REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

## B. *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S.*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## C. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."

*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.     DISCUSSION

The Court's analysis will proceed in two steps. First, the Court will review the portions of the Recommendation to which neither party objects in order to determine whether there are any clear errors in Judge Neureiter's findings and conclusions. Second, the Court will conduct a *de novo* review of the portions of the Recommendation to which the parties object.

**A.     CLEAR ERROR REVIEW**

Neither party objected to the following determinations by Judge Neureiter:

1. that Mr. Wilson's Eighth Amendment excessive force claim against Defendants Hagans and Will should be dismissed (Doc. # 67 at 13);

2. that Mr. Wilson's Eighth Amendment failure to protect/deliberate indifference claim against Defendant Will should be dismissed (*id.* at 17);

3. that Mr. Wilson's Eighth Amendment failure to protect/deliberate indifference claim against Defendant Hagans should be dismissed to the extent it is premised on the January 17, 2019 assault of Mr. Wilson by Defendants Vaughn and Jordan (*id.* at 14);

4. that Mr. Wilson's Eighth Amendment failure to protect/deliberate indifference claim against Defendants Johnson and Hagans should not be dismissed to the extent it is premised on the April 2018 assault of Plaintiff by Dorian Lovato (*id.* at 14–15, 18);

5. that Mr. Wilson's Eighth Amendment failure to protect/deliberate indifference

> claim against Defendant White should not be dismissed (*id.* at 17–18);
> 
> 6. that Mr. Wilson's Eighth Amendment deliberate indifference/failure to protect claim against Defendants Wilda and Wood related to the stabbing of Mr. Wilson on September 18, 2018 should not be dismissed (*id.* at 18–20);
> 
> 7. that Mr. Wilson's First Amendment retaliation claim against Defendant Vaughn should be dismissed (*id.* at 20–21); and
> 
> 8. that Mr. Wilson's First Amendment retaliation claim against Defendant Swingle should not be dismissed (*id.* at 21).

The Court has reviewed the relevant pleadings concerning the above claims as well as the Recommendation. Based on this review, the Court concludes that Judge Neureiter's thorough and comprehensive analyses and recommendations are correct, and "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court adopts the applicable portions of the Recommendation, and grants in part and denies in part Defendants' Motion to Dismiss in accordance with said portions of the Recommendation. *See Summers*, 927 F.2d at 1167 (explaining that in the absence of a timely objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate.").

**B.**   ***DE NOVO* REVIEW**

The Court addresses Plaintiff's single objection to the Recommendation before turning to Defendants' objections.

    1.    <u>Plaintiff's Objection</u>

Plaintiff objects to Judge Neureiter's Recommendation to the extent it concludes that Plaintiff's Eighth Amendment excessive force claim against Defendant Wilda should

be dismissed without prejudice.³ In his Objection, Plaintiff states that he would like to "clear up" "a confusion" he caused with respect to Defendant Wilda's personal participation in the alleged use of excessive force. However, in so doing, Plaintiff makes numerous allegations concerning Defendant Wilda's conduct that are not included in Plaintiff's Complaint. *See generally* (Doc. # 70).

It is well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss or through objections to the Recommendation. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Wilson v. Jenks*, Case No. 12–CV–02495–RM–KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014) (same). Therefore, the Court declines to consider factual allegations raised for the first time in Plaintiff's Objection.

Turning to the substance of the Recommendation, the Court agrees with Judge Neureiter's conclusion that Plaintiff's excessive force claim against Defendant Wilda

---

³ In this action, Plaintiff asserts an Eighth Amendment deliberate indifference/failure to protect claim against Defendant Wilda related to events that took place on September 18, 2018, and an Eighth Amendment excessive force claim related to events on December 19, 2018. Herein, the Court adopts Judge Neureiter's recommendation that Mr. Wilson's Eighth Amendment deliberate indifference/failure to protect claim against Defendant Wilda related to the events of September 18, 2018 **should not** be dismissed. *See supra* Section III(A). For the reasons that follow, the Court also adopts Judge Neureiter's conclusion that Mr. Wilson's Eighth Amendment excessive force claim against Defendant Wilda related to the events of December 19, 2018 **should** be dismissed.

should be dismissed because Plaintiff fails to plead personal participation on Defendant Wilda's part.

Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation. *Brown v. Montoya,* 662 F.3d 1152, 1163 (10th Cir. 2011). Common to all § 1983 claims is the requirement that liability be predicated on a violation traceable to a defendant-official's own individual actions. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013)) (quoting *Iqbal*, 556 U.S. at 676). To establish a violation of § 1983 by a supervisor, as with everyone else, the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights. *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir. 2010). Accordingly, "a plaintiff must allege facts suggesting that the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise' resulted in the constitutional violation." *Martinez v. Milyard*, 440 F. App'x 637, 638 (10th Cir. 2011) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Plaintiff fails to allege that Defendant Wilda personally participated in the alleged use of excessive force. Plaintiff vaguely alleges that Defendant Wilda "threatened" him and that he ordered other correctional officers to "tie [Mr. Wilson] up and march him up to his cell." (Doc. # 1 at 6.) Plaintiff alleges that six or eight corrections officers—not including Defendant Wilda—marched Mr. Wilson all around the unit while inmates shouted about killing and raping him. *Id.* Plaintiff alleges that these officers body slammed and tasered him. *Id.* Importantly, none of these allegations constitute personal participation in an excessive use of force by Defendant Wilda. Plaintiff himself appears to concede in his Objection that the Complaint, as written, is facially deficient in this

respect. *See* (Doc. # 70 at 1) (stating "the plaintiff has an objection to the . . . Recommendation, a confusion caused entirely on the part of this plaintiff. I would like to clear up."). Therefore, Plaintiff's Eighth Amendment excessive force claim against Defendant Wilda is dismissed without prejudice.

2. Defendants' Objections

Defendants object to Judge Neureiter's Recommendation on three grounds. First, Defendants assert that Plaintiff's Complaint does not sufficiently plead a First Amendment retaliation claim with respect to Defendant Mascarenas. Second, Defendants assert that the Complaint does not sufficiently plead an Eighth Amendment failure to protect claim against Defendants Johnson or Hagans as related to either of the following events alleged by Plaintiff: (1) Defendants Johnson and Hagans' cover-up of the Lovato assault, which caused Mr. Wilson and Lovato to be placed in the same pod at BVCF; and (2) Defendants Johnson and Hagans' transfer of Mr. Wilson to Sterling despite knowing that he would be assaulted there. The Court sustains Defendants' first objection but overrules their objections concerning Defendants Johnson and Hagans.

a. *First Amendment retaliation claim against Defendant Mascarenas*

Defendants object to the Recommendation to the extent it concludes that Plaintiff has stated a First Amendment retaliation claim against Defendant Mascarenas. The Court agrees with Defendants and concludes that Mr. Wilson has insufficiently alleged a necessary element of his First Amendment retaliation claim—i.e., that Plaintiff was engaged in constitutionally protected activity.

"It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Requena*

*v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010)), *cert. denied*, 139 S. Ct. 800 (2019). Similarly, "[t]he filing of prison grievances is constitutionally protected activity." *Id.* (citing *Gee*, 627 F.3d at 1189).

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: **(1)** that the plaintiff was engaged in constitutionally protected activity; **(2)** that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and **(3)** that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Id.* (emphasis added) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)).

In his Complaint, Plaintiff fails to sufficiently allege the first element of a First Amendment retaliation claim—i.e., that he engaged in constitutionally protected activity. Plaintiff alleges that Defendant Mascarenas said to Plaintiff "'you were dumb enough to say, [Defendant W]hite let everyone drink.'" (Doc. # 1 at 11.) Plaintiff does not allege that he filed a grievance against Defendant White. Nor does he allege whether or to whom he said, "White let everyone drink." Therefore, it is unclear from the pleadings whether Plaintiff was engaged in constitutionally protected activity when Defendant Mascarenas allegedly retaliated against him.

Although this Court must construe Plaintiff's *pro se* pleadings liberally, it may not assume that he can prove facts that have not been alleged or that Defendant Mascarenas has violated laws in ways that Plaintiff has not alleged. *See Associated Gen. Contractors of Cal., Inc.*, 459 U.S. at 526; *see also Whitney*, 113 F.3d at 1173–74 (a court may not "supply additional factual allegations to round out a plaintiff's

13

complaint"); *Drake*, 927 F.2d at 1159 (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Therefore, the Court rejects the Recommendation to the extent it "**presumes** that Mr. Wilson filed a grievance against Defendant White in connection with the April 18, 2020 assault by Lovato" despite the lack of allegations to this effect in the Complaint. (Doc. # 67 at 22) (emphasis added). Accordingly, Plaintiff's First Amendment retaliation claim against Defendant Mascarenas must be dismissed for failure to allege that Plaintiff was engaged in constitutionally protected activity. *See Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (noting "it is imperative that [a] plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").

### b.  *Eighth Amendment failure to protect claim against Defendants Johnson and Hagans*

Defendants further object to the Recommendation to the extent it concludes that Plaintiff's Eighth Amendment failure to protect claim should proceed against Defendants Johnson and Hagans for (1) their cover-up of the Lovato assault, which caused Mr. Wilson and Lovato to be placed in the same pod at BVCF and led to another attack on Plaintiff; and (2) their alleged transfer of Mr. Wilson to Sterling despite knowing that he would be assaulted there. The Court addresses each objection in turn.

### i.  <u>Cover-up of Lovato assault</u>

Defendants object to Judge Neureiter's conclusion that Mr. Wilson's Complaint sufficiently pleads an Eighth Amendment claim with respect to Defendants Johnson and

14

Hagans' alleged cover-up of the Lovato assault. (Doc. # 75 at 10–11.) Specifically, Defendants argue that Mr. Wilson has not demonstrated any causal link between the alleged "cover up" by Defendants Johnson and Hagans and the decision regarding the placement of inmates at BVCF and, therefore, the Complaint fails to establish personal participation by either Defendant.

The Court disagrees and concludes that Plaintiff has sufficiently alleged personal participation by Defendants Johnson and Hagans at the Motion to Dismiss stage. Plaintiff alleges that Defendants Johnson and Hagans lied on the record **during hearings related to the placement of Mr. Wilson and Lovato at BVCF** in order to cover up Lovato's assault on Plaintiff. (Doc. # 1 at 9–10.) Plaintiff alleges that these lies "caused [him and Lovato] to be placed in the same pod again" when Mr. Wilson was transferred to BVCF. Further, Plaintiff alleges that Defendant Johnson threatened Mr. Wilson, saying "you'll get your jaw broken again at Buena Vista." (*Id.* at 10.) Subsequently, on September 13, 2018, Lovato and four other inmates "jumped" Mr. Wilson at BVCF, apparently stabbing him and breaking his hand. (*Id.*) These allegations are sufficient to plead personal participation at the 12(b)(6) stage. As Judge Neureiter stated in his Recommendation:

> there may be facts unearthed in discovery that break the chain of causation between the two events. For example, it is unclear what authority Defendant Hagans . . . has over the placement decisions at BVFC. However, that issue is better left to summary judgment.

(Doc. # 67 at 16.)

### ii. *Transfer to Sterling Correctional Facility*

Similarly, Defendants object to Judge Neureiter's conclusion that Mr. Wilson's

Complaint sufficiently pleads an Eighth Amendment claim against Defendants Johnson and Hagans with respect to Plaintiff's transfer to Sterling in October 2018. Defendants advance three arguments to this effect: (1) that Mr. Wilson's factual allegations do not establish personal participation by Defendants Johnson or Hagans in Mr. Wilson's transfer to Sterling; (2) that Mr. Wilson has failed to allege the objective component of a failure to protect claim because he fails to demonstrate that he was incarcerated at Sterling "under conditions posing a substantial risk of serious harm"; and (3) that Mr. Wilson has failed to allege the subjective component of a failure to protect claim because he has not alleged that Defendants Johnson or Hagans "actually knew of a substantial risk of serious harm to Mr. Wilson at Sterling Correctional Facility and that they acted in purposeful disregard of that risk . . . ." (Doc. # 75 at 12–13.) The Court disagrees and adopts Judge Neureiter's conclusions.

First, the Court finds that Plaintiff has sufficiently alleged personal participation at the 12(b)(6) stage. Mr. Wilson claims that Defendants Johnson and Hagans knew that Mr. Wilson would be assaulted when he was transferred to Sterling. (Doc. # 1 at 11.) Mr. Wilson alleges that Defendant Johnson "came to [his] cell stating[,] 'I told you, I make things happen. I[']m sending you to Sterling, where there[']s nothing but Sureno's. I told you I'd get your black ass." (*Id.* at 10.) Moreover, Plaintiff alleges that prison staff told him during an overnight stay in Denver en route to Sterling that Defendants Johnson and Hagans had instructed them to put Plaintiff on lockdown because "what was about to happen to [him] at Sterling anyone would fear." (*Id.* at 11.) Plaintiff alleges that, rather than attempting to protect him, Defendants Hagans and Johnson told prison transport to "get [him] [to Sterling] by whatever means." (*Id.*) Therefore, Plaintiff has

16

sufficiently alleged Defendants Hagans and Johnson's personal participation in his transfer to Sterling to survive a motion to dismiss.

Second, the Court finds that Plaintiff has sufficiently alleged both the objective and subjective components of an Eighth Amendment failure to protect claim. To satisfy the objective component, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the subjective component, the inmate must show both that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of harm exists" and that the prison official did in fact "draw the inference." *Id.* at 837. "[D]eliberate indifference entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835 (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The factual allegations identified in the context of Defendants Hagans and Johnson's personal participation also satisfy both elements of an Eighth Amendment failure to protect claim. Plaintiff has alleged that the conditions at Sterling posed a substantial risk of serious harm. Although Plaintiff does not claim that he was actually injured at Sterling, he does allege that immediately "upon arrival at Sterling" gang affiliated rivals attempted to assault and "jump" him. Defendants fail to cite to any case law to support their argument that these factual circumstances fall short of posing a "substantial risk of serious harm." *See* (Doc. # 75 at 13). Further, Plaintiff has alleged that Defendants Johnson and Hagans knew of a substantial risk of serious harm to Mr. Wilson and that they acted in deliberate disregard of that risk, as discussed *supra* at 17.

17

Accordingly, the Court overrules Defendants' objections to the Recommendation and allows Plaintiff's Eighth Amendment failure to protect claim against Defendants Johnson and Hagans to proceed as it relates to their alleged cover-up of the Lovato assault and their alleged transfer of Mr. Wilson to Sterling.

## IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Judge Neureiter's Recommendation (Doc. # 67) is AFFIRMED in part and REJECTED in part;

- CDOC Defendants' Motion to Dismiss (Doc. # 38) is GRANTED IN PART AND DENIED IN PART as follows:

- Ghe Motion is GRANTED as to the Eighth Amendment excessive force claim against Defendants Wilda, Hagans, and Will; the Eighth Amendment deliberate indifference claim against Defendant Will; the Eighth Amendment deliberate indifference claim against Defendant Hagans (to the extent it is premised on the January 17, 2019 assault of Mr. Wilson); and the First Amendment retaliation claim against Defendants Vaughn and Mascarenas;

- The Motion is DENIED as to the Eighth Amendment deliberate indifference claim against Defendants White, Johnson, Wilda, and Wood; the remaining Eighth Amendment deliberate indifference claim against Defendant Hagans; and the First Amendment retaliation claim against Defendant Swingle. Those claims—as well as the Eighth Amendment excessive force claim against Defendants Vaughn and Jordan—remain pending; and

- Should Plaintiff wish to file an Amended Complaint that addresses the pleading deficiencies identified herein, he shall do so by no later than November 12, 2020. Otherwise, Plaintiff's Eighth Amendment excessive force claim against Defendants Wilda, Hagans, and Will; Eighth Amendment deliberate indifference claim against Defendant Will; Eighth Amendment deliberate indifference claim against Defendant Hagans (to the extent it is premised on the January 17, 2019 assault of Mr. Wilson); and First Amendment retaliation claim against Defendants Vaughn and Mascarenas shall be dismissed.

DATED: September 30, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge