IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 19-cv-02279-CMA-NRN

TERANCE D. WILSON,

    Plaintiff,

v.

JOHNSON, LT.,
VAUGHN, C.O.,
WHITE, SGT.,
WILDA, LT.,
JORDAN, C.O.,
WILL, SGT.,
TOLENTINO, C.O.,
QUINLIN, LT.,
SUPPES, SGT.,
DONALD NUNEZ, MJR.,
BRENDON R. MARKHAM,
WEAVER, SGT.,
WINEGARDNER, LT.,
WOOD, CO., and
SILVIA VALDEZ-GONZALES,

    Defendants.

## ORDER OVERRULING OBJECTION

This matter is before the Court on Plaintiff Terance D. Wilson's Objection (Doc. # 251) to the July 12, 2023 Report and Recommendation of United States Magistrate Judge N. Reid Neureiter. (Doc. # 247). In a prior Order dated August 3, 2023 (Doc. # 249), this Court affirmed and adopted Judge Neureiter's Recommendation (Doc. # 247) that this Court grant Defendants' Motion for Summary Judgment for Failure to Exhaust

Administrative Remedies Under the PLRA (Doc. # 212). In its Order, the Court noted that the time in which to file an objection to the Recommendation had expired without anything filed. (Doc. # 249 at 2.) The Court therefore reviewed Judge Neureiter's Recommendation for clear error, affirmed and adopted the Recommendation, granted Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, and dismissed this action with prejudice. (*Id.*)

After the Court entered its Order and closed the case, the Court received Mr. Wilson's two-page Objection to the Recommendation.[1] (Doc. # 251.) Defendants subsequently filed a Response to the Objection on August 18, 2023. (Doc. # 252.) Therein, Defendants argue that Mr. Wilson's Objection is untimely and not specific and should therefore be overruled. (*Id.* at 2.)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

---

[1] Because Mr. Wilson proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

(citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

To be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

The Court agrees with Defendants that Mr. Wilson's Objection—filed 22 days after the Recommendation—is untimely. On that basis alone, the Court may overrule the Objection. *See id.* at 1059–60. Nonetheless, the Court has carefully reviewed the Objection and is satisfied that it raises no meritorious grounds to disturb the Court's prior Order. The Objection does not identify any specific legal or factual errors in Judge Neureiter's Recommendation. Instead, the Objection contains conclusory assertions that Defendants' argument that Mr. Wilson failed to exhaust his administrative remedies is "false" and that the Colorado Department of Corrections ("CDOC") definition of exhaustion is "unlawful" and "unconstitutional." (Doc. # 251 at 1–2.) Mr. Wilson also incorrectly states that Defendants "clearly agreed that several defendants were fully grieved to exhaustion." (*Id.* at 2.) Finally, Mr. Wilson attaches two exhibits that he alleges are examples of CDOC failures regarding grievances that prevented him from exhausting his administrative remedies. (*Id.*) Mr. Wilson does not identify with specificity

3

which claims these grievances relate to, nor does he explain if these grievances are different from or included in the 58 grievances that Judge Neureiter analyzed in his Recommendation. (*Id.*) Given the lack of specificity in the Objection, the Court sees no reason to reject Judge Neureiter's thorough and well-reasoned analysis of these grievances. The Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

For the foregoing reasons, the Court ORDERS that Mr. Wilson's Objection (Doc. # 251) is OVERRULED.

DATED: September 15, 2023

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
Senior United States District Judge